UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:17-cr-00094-001-CLC-SKL |
| v. ) | |
| ) | |
| MITCHELL ORR ) | |

## REVISED MEMORANDUM AND ORDER

**NOTE: This Revised Memorandum and Order SUPPLANTS and corrects an error in the Court's Memorandum and Order entered on December 6, 2021 [Doc. 51].**

MITCHELL ORR ("Defendant") came before the Court for an initial appearance on December 3, 2021, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision [Doc. 43] and the Amended Petition for Warrant for Offender Under Supervision [Doc. 44] (collectively, "the Petitions").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Everett Hoagland of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petitions, and had an opportunity to review those documents with his attorney. The Court determined that Defendant was able to read and understand the Petitions with the assistance of his counsel. In addition, AUSA Frank Clark explained to Defendant the specific charges contained in the Petitions. Defendant acknowledged he understood the charges in the Petitions.

The Government moved Defendant be detained pending disposition of the Petitions or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with his counsel, Defendant waived the preliminary hearing and the detention hearing.

The Court found that probable cause exists to demonstrate that Defendant committed violations of his conditions of supervised release, and that Defendant did not carry the burden of establishing by clear and convincing evidence that he would not flee or pose a danger to any other person or to the community. Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petitions or further Order of this Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending the revocation hearing is **GRANTED**.

2. Unless revised by further order of the Court, the United States Marshals Service shall transport Defendant to the revocation hearing before United States District Judge Curtis L. Collier on **February 2, 2022, at 2:00 p.m.**

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE